## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Donna M. Beck,<br>on behalf of herself and all<br>others similarly situated<br><br>            Plaintiff,<br><br>   v.<br><br>MAXIMUS, Inc.,<br><br>            Defendant. | CIVIL ACTION<br><br>No. 04-2199 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MAXIMUS, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

### I.    INTRODUCTION

Plaintiff Donna M. Beck  ("Plaintiff") has brought this civil action against

Defendant MAXIMUS, Inc. ("MAXIMUS") on her own behalf and on behalf of a class defined

as follows:

> All persons in the Commonwealth of Pennsylvania to whom, during the one year
> prior to the filing of this Complaint, Defendant sent the Employment Verification
> Request or other communication substantially in the form of the Employment
> Verification Request in an attempt to collect a non-business debt, which were not
> returned as undeliverable by the Postal Service.

Complaint at ¶ 36.

As the class description suggests, Plaintiff focuses on purported improper conduct

by MAXIMUS in its efforts to collect on an alleged debt owed by a woman named Donna M.

Beck.  However, Plaintiff is not even a member of the class that she purports to represent.

Moreover, Plaintiff's attempt to assert a state law cause of action for intentional infliction of emotion distress cannot stand.  See Complaint, Count Five.  Count Five may be summarized as follows:  in light of the same alleged reckless and intentional conduct that gives rise to her Fair Debt Collection Practices Act ("FDCPA") claim, Plaintiff suffered foreseeable severe emotional distress, harm to her physical and psychological well-being, and physical harm. Id.  This state law claim for intentional infliction of emotional distress fails as a matter of law because it is preempted by the Federal FDCPA.  The claim also fails as a matter of law because Plaintiff has not pled any facts indicating that the conduct of MAXIMUS was extreme or outrageous, and has not alleged with specificity any physical injury, illness or harm that she suffered as a result of the conduct.

## II.   **LEGAL STANDARD**

When evaluating a motion to dismiss under Rule 12(b)(6), this Court must accept as true both well-pleaded facts of the Plaintiff's complaint and those inferences that can reasonably be drawn therefrom.  Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004); see Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  Dismissal is appropriate where it appears that Plaintiff can prove no set of facts that would entitle her to relief.  Id.  Although the Plaintiff may not be required to set out in great detail the facts upon which each claim is based, in order to survive a motion to dismiss, the Plaintiff's complaint must allege sufficient facts to set forth every material element necessary for recovery under each of the asserted legal theories. Toberman v. Copas, 800 F. Supp. 1239, 1243 (M.D. Pa. 1992).

III.   **ARGUMENT**

A.   **Plaintiff's Class Action Allegations Must Be Dismissed Because She Is Not A Member Of The Class**

As noted, the class on whose behalf Plaintiff purports to bring this action is defined as "all persons in the Commonwealth of Pennsylvania to whom, during the one year prior to the filing of the Complaint, Defendant sent the Employment Verification Request." Complaint at ¶ 36.   The class is <u>not</u> defined as persons who, at some point within the past year, received an Employment Verification Request in Pennsylvania.   It is defined as persons (as of the date of filing) *"in the Commonwealth of Pennsylvania"* who received the form within the past year.

Based on her own allegations, Plaintiff is not a member of this class for at least two reasons.   *First*, Plaintiff "is an adult individual currently residing at 639 Ridgeview Road, Hockessin, Delaware."   Complaint at ¶ 3.   She is not, therefore, a "person in the Commonwealth of Pennsylvania," nor is she an appropriate named representative for a class of "persons in the Commonwealth of Pennsylvania."   *Second*, Plaintiff alleges that the Employment Verification Request was sent "to the Human Resources Department of Inolex," Plaintiff's employer. Complaint at ¶ 14.   Based on her own pleadings, then, the Request was not sent to Plaintiff – it was sent to her employer.   Accordingly, she does not fall within the class of persons to whom "Defendant sent the Employment Verification Request."   Complaint at ¶ 36.

Consequently, the Class Action allegations stated in Section "V" of Plaintiff's Complaint and those stated in Count One of her Complaint must be dismissed for failure to state a claim upon which relief can be granted because Plaintiff is not a class member.   <u>See</u> <u>Schlesinger v. Reservists Comm. To Stop the War</u>, 418 U.S. 208, 216 (1974) (a representative plaintiff must be part of the class she purports to represent).

3

**B.    Plaintiff's Cause Of Action For Intentional Infliction
of Emotional Distress Must Be Dismissed**

### 1.    The Claim Is Preempted By The FDCPA

Plaintiff's state law claim for intentional infliction of emotional distress (Count
Five) fails as a matter of law because it is preempted by the Federal FDCPA.  See Thrasher v.
Cardholder Svcs., 74 F. Supp. 2d 691, 695 (S.D. Miss. 1999) (holding that negligent and
intentional infliction of emotion distress claims are preempted by FDCPA), distinguished on
other grounds, Virgil v. Reorganized M.W. Co., Inc., 156 F. Supp. 2d 624, 632 n.3 (S.D. Miss.
2001).  The FDCPA expressly provides for the preemption of state statutory debt collection laws
to the extent that those laws are "inconsistent with any provision of [the FDCPA] . . . ."  15
U.S.C. § 1692n (West 1998).  However, the FDCPA does not address specifically whether
common law tort claims that parrot FDCPA allegations are preempted as well.  See id. (noting
that section 1692n "does not directly address the more precise issue . . . [of] whether the FDCPA
preempts state common law causes of action . . . which are not limited in scope to abusive 'debt
collection practices'").

The lack of express preemption does not close the inquiry.  Federal courts have
identified two types of implied preemption:  "field preemption" and "conflict preemption."
Orson, Inc. v. Miramax Film Corp., 189 F.3d 377, 381-82 (3d Cir. 1999).  Conflict preemption
arises where a state law conflicts with federal law in such a manner that it becomes "impossible
to comply with both the state and federal law," or where the state law "stands as an obstacle to
the accomplishment and execution of the full purposes and objectives of Congress."  Id.
(citations omitted).  Under the circumstances presented here, Plaintiff's claim for intentional
infliction of emotional distress impinges upon and may prevent the fulfillment of the purposes

4

and objectives underlying the FDCPA.  See Thrasher, 74 F. Supp. 2d at 695 (explaining that

permitting causes of action for negligent and intentional infliction of emotional distress to

proceed alongside an FDCPA claim "stand[s] as an obstacle to the accomplishment" of

Congressional objectives).  Among its stated purposes, the FDCPA is designed to "insure that . .

. debt collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged, and to promote consistent State action to protect consumers against debt

collection abuses."  15 U.S.C.  § 1692(e).  As the Thrasher court intimated, exposing alleged

debt collectors to possible tort liability for infliction of emotional distress on a state by state basis

-- with different liability standards and different damages schemes -- can hardly ensure a

consistent State approach to alleged debt collection abuses.  Such a claim therefore is preempted

as conflicting with the FDCPA.  Thrasher, 74 F. Supp. 2d at 695.  Accordingly, Count Three

must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).


> **2.     The Claim Also Fails Because Plaintiff Has Not Alleged That
> MAXIMUS's Conduct Was Extreme Or Outrageous And
> That She Suffered Specific Physical Injury, Illness Or Harm
> As A Result Of The Conduct**

Plaintiff's state law claim for intentional infliction of emotional distress (Count

Five) also fails as a matter of law because Plaintiff has not alleged that the conduct of

MAXIMUS was extreme or outrageous, nor has Plaintiff alleged with specificity any physical

injury, illness or harm that she suffered as a result of the conduct.  See Tancredi v. Cooper, No.

Civ.A. 02-1125, 2003 WL 22213699, *5 (E.D. Pa. Sept. 3, 2003) (finding that Plaintiff failed to

plead facts sufficient to state a claim for intentional infliction of emotional distress against

Defendant); Zugarek v. Southern Tioga School Dist., 214 F. Supp. 2d 468, 481-2 (M.D. Pa.

2002) (granting Defendants' 12(b)(6) motion to dismiss Plaintiffs' claim for intentional infliction

of emotional distress because, "[a]side from the bald allegation that plaintiffs have suffered emotional and physical harm, the complaint fails to allege with specificity any physical injury, illness, or harm suffered by plaintiffs" and "the conduct of defendants does not rise to the level of egregiousness or outrageousness necessary to state a claim of intentional infliction of emotional distress"); Dixon v. Boscov's, Inc., No. Civ.A. 02-1222, 2002 WL 1740583, *3 (E.D. Pa. July 17, 2002) (dismissing Plaintiff's claim for intentional infliction of emotional distress on a 12(b)(6) motion because "[t]he complaint. . . fails to allege any physical injury suffered by plaintiff").

Here, Plaintiff has not pled any facts indicating that MAXIMUS's conduct was "extreme" or "outrageous," and, therefore, the claim for intentional infliction of emotional distress must be dismissed.  See Tancredi, 2003 WL 22213699, at *5.  Moreover, this claim must be dismissed because, aside from Plaintiff's bald and unsupported allegations of physical harm (see Complaint at ¶¶ 33, 68, 69), Plaintiff's Complaint fails to allege with any specificity the precise nature of the supposed physical harm.  See Dixon, 2002 WL 1740583 at *3; Zugarek, 214 F. Supp. 2d at 481.

IV.    **CONCLUSION**

For all the foregoing reasons, Defendant MAXIMUS, Inc. respectfully requests that its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) be granted, that the Class Action allegations in the Complaint (including all of those stated in Count One) be dismissed with prejudice and that Count Five of Plaintiff's Complaint be dismissed with prejudice.

Respectfully submitted,

SAUL EWING LLP


/s/  Julie H. Ketover
*Validation of Signature Code JK780*

By:    James F. Kilcur, Esquire/26768
       James A. Keller, Esquire/78955
       Julie H. Ketover, Esquire/85840
       Centre Square West
       1500 Market Street, 38th Floor
       Philadelphia, PA  19102-2186
       Telephone:  (215) 972-7777
       Fax:  (215) 972-7725

       Attorneys for Defendant
       MAXIMUS, Inc.

Dated:  July 2, 2004